Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO **Recurrido** | | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan |
| V. | KLCE202500061 | |
| | | Caso Núm: K VI2024G0081 |
| ELIEZER SANTANA BÁEZ **Peticionario** | | Sobre: Art. 83 C.P. |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Hernández Sánchez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de febrero de 2025.

El 22 de enero de 2025, el Sr. Eliezer Santana Báez (señor Santana o peticionario), miembro de la población correccional, compareció ante nos por derecho propio y en forma *pauperis,* mediante un recurso de *certiorari* el cual intituló *Petición de Habeas Corpus Criminal.* En este solicitó la revisión de una *Orden* que el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI) emitió y notificó el 20 de diciembre de 2024. Mediante el aludido dictamen, el TPI declaró No Ha Lugar la *Petición de Habeas Corpus* que presentó el peticionario.

Por los fundamentos que expondremos a continuación, ***denegamos*** el recurso de epígrafe.

I.

El señor Santana presentó una *Petición de Habeas Corpus* ante el TPI y solicitó lo siguiente: (1) que se le aplicaran las leyes federales y estatales que le habían sido quebrantadas en su convicción; (2) que se le concediera el Habeas Corpus para ser traído a la corte para establecer que se había declarado inconstitucional su convicción; (3) que se le concediera una vista evidenciaria para

Número Identificador

RES2025 _____

presentar evidencia; (4) que se procediera a eliminar su convicción y sentencia; y, por último (5) que se le concediera el remedio apropiado para disponer del asunto conforme la ley lo requería y que se ordenara su inmediata excarcelación. Atendida esta solicitud, el 20 de diciembre de 2024, el TPI dictó y notificó una *Orden* declarando No Ha Lugar la *Petición de Habeas Corpus* presentada por el peticionario.

En desacuerdo con este dictamen, el peticionario presentó el recurso de epígrafe y comenzó su escrito expresando lo siguiente:

> Agoto este remedio de venir ante ustedes, porque la burocracia judicial me lo impone, no es porque yo aspire a que ustedes me van a escuchar. Así que pueden desestimar igual que las otras veces, lo que necesito es tener su resolución para acudir al último foro en la jurisdicción local, para que así fuera de esta jurisdicción sí poder aspirar a algo.

Además, mediante el referido escrito solicitó lo mismo que en su *Petición de Habeas Corpus*.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7.

II.

**-A-**

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró,* 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al

discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error

en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

**-B-**

El remedio del *habeas corpus* es uno de naturaleza extraordinaria que constituye el vehículo apropiado para que una persona que sea encarcelada o ilegalmente privada de su libertad pueda solicitar que se investigue la causa de dicha privación. Art. 469 del Código de Enjuiciamiento Criminal, 34 LPRA sec. 1741; *Pueblo v. Diaz, Rivera* 204 DPR 472, 485 (2020). En nuestra jurisdicción este recurso es de rango constitucional y su expedición procede siempre que la persona se encuentre ilegalmente encarcelada, o ilegalmente privada de su libertad. Art. II, Sec. 13, Const. ELA, LPRA, Tomo I. Al ser un recurso de naturaleza extraordinaria, su uso está limitado a situaciones excepcionales donde se hayan agotado todos los remedios ordinarios disponibles antes de recurrir a este recurso. Íd. Además, cabe precisar que, el auto de habeas corpus "debe limitarse a situaciones que en realidad lo ameriten". Íd.

III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación

o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones